**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO P. BERNARDO,<br><br>          Plaintiff,<br><br>    v.<br><br>INVESTMENT RETRIEVERS, INC.,<br><br>          Defendant. | Case No. 5:21-cv-01308<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

NOW comes FRANCISCO P. BERNARDO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of INVESTMENT RETRIEVERS, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt

1  Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Ontario, California, which is located within the Central District of California.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third party debt collector that claims to have "a focus on providing high quality recovery service" for its clients.[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 950 Glenn Drive, Suite 160, Folsom, California.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.investment-retrievers.com/about-investment-retrievers.html

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding personal debt ("subject debt") allegedly owed by Plaintiff.

10. Upon information and belief, the subject debt stems from Plaintiff's purportedly past due payments in connection with a personal account Plaintiff had with Wells Fargo many years ago.

11. Upon further information and belief, after Plaintiff's purported default on the subject debt, Wells Fargo charged off the subject debt and turned collection of the subject debt over to various debt collectors.

12. On or about December 3, 2020, Defendant sent or caused to be sent a collection letter to Plaintiff ("December Letter") attempting to collect upon the subject debt.

13. The December Letter stated that the balance of the subject debt was purportedly $8,006.17.

14. The December Letter further stated, "It is December 2020! What a year it has been! You can enter 2021 with this Wells Fargo obligation behind you and closed out for good if you: pay $2,001.54 on or before Wednesday, December 30, 2020."

15. As such, the December Letter suggested that the opportunity to accept the $2,001.54 offer was time sensitive, given the explicit deadline for Plaintiff to accept the offer.

16. The back of the December Letter further states, "[t]he law limits how long you can be sued on a debt. Because of the age or your debt, Investment Retrievers, Inc. will not sue you for it, and we will not report it to any credit reporting agency."

17. Upon reading Defendant's December Letter, Plaintiff considered making payment in order to address the subject debt; however, due to his limited financial means, he was unable to do so.

18. Plaintiff was distressed that he could not take advantage of Defendant's purportedly time-sensitive offer.

19. Thereafter, on or about January 8, 2021, Defendant sent or caused to be sent an additional collection letter ("January Letter") attempting to collect upon the subject debt.

20. Unlike the December Letter, the January Letter represented that the balance of the subject debt purportedly totaled $8,046.05.

21. Plaintiff was extremely confused as to the conflicting information regarding the balance of the subject debt outlined in the various collection letters, as he made no payment nor did any other action that would have resulted in the balance of the subject debt decreasing.

22. Defendant blatantly misrepresented the character or amount of the subject debt in either the December or January Letter, further giving rise to one or more reasonable interpretations of the collection letters and their articulation of how much Plaintiff was said to owe.

23. Defendant's contradictions further caused Plaintiff to question the legitimacy and accuracy of Defendant's collection efforts, especially given the age of the debt, further inhibiting Plaintiff's ability to intelligently respond to Defendant's collection efforts.

24. Defendant's January Letter further invited Plaintiff to make his own offer to settle the subject debt, stating that "the offer you present would require a payment to be received on or before 1/29/2021."

25. Thereafter, on or about April 9, 2021, Defendant sent or caused to be sent yet another collection letter ("April Letter") attempting to collect upon the subject debt.

26. The April Letter again provided conflicting information regarding the balance of the subject debt, as it represented the balance as totaling $8,146.86.

27. Further, the April Letter once again made a time-sensitive offer of settlement, as it stated "[y]ou can resolve this obligation with a lump sum payment in the amount of $814.69 if paid on or before Friday, April 30, 2021."

28. Defendant's series of collection letters utilized deceptive and misleading means and representation in an effort to collect payment from Plaintiff.

29. In each collection letter, Defendant's offered settlements were inherently time-sensitive, given the explicit deadlines imposed by Defendant.

30. However, it is evident that the "time-sensitive" nature of Defendant's offered settlements was false, deceptive, and misleading.

31. As the series of collection letters evince, Defendant's offered settlements were not time sensitive and were represented to Plaintiff with illusory deadlines, since Defendant would frequently make the same or better offers after the expiration of a previously provided time-sensitive offer.

32. Courts have fashioned "safe harbor" language for debt collectors to use when offering time-sensitive settlement opportunities to consumers who would then later re-offer the same or better time-sensitive offers; however, none of Defendant's collection letters contain such safe harbor language (i.e., "we are not obligated to renew this offer.")

33. Instead, Defendant's collection letters were designed to falsely and deceptively put pressure on Plaintiff to accept Defendant's settlement terms, lest he lose the opportunity for such settlement down the line.

34. Defendant's deceptive and misleading conduct in this regard harmed Plaintiff and put Plaintiff at a risk of harm for making payment on a stale debt under the false belief that failure to make such time sensitive payment would result in the loss of the ability to resolve the debt for a reduced sum.

35. Defendant's deceptive and misleading conduct has caused Plaintiff concrete harm, including but not limited to being deprived the ability to intelligently respond to Defendant's collection efforts, being lied to and deceived in violation of vital consumer protection statutes, being stymied in the charting of an intelligent course of conduct in response to Defendant's collection efforts, risk of harm to her interests protected by the FDCPA, and numerous violations of her state and federally protected interests to be provided clear and accurate information in connection with debt collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

38. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is further a business the principal purpose of which is the collection of debts.

39. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA § 1692e**

40. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

42. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letters. As discussed above, Defendant's collection letters each offered a settlement option that was purportedly time-sensitive. However, as Defendant's subsequent course of conduct illustrates, the purportedly time sensitive offers were not so temporally limited. None of the collection letters contain the phrase, "we are not obligated to renew this offer." Such cautionary language would have allowed Plaintiff and the least sophisticated consumer to determine the possibility that the time-sensitive offers may be renewed down the line. However, Defendant chose not to use such language. Defendant made this decision in order to deceived Plaintiff and the least sophisticated consumers to accept its settlement offers, notwithstanding the false, deceptive, and misleading nature of such offers.

43. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its conflicting representations regarding the balance of the subject debt. The December and April Letters each say the balance is purportedly $8,146.86, whereas the January Letter states the balance is $8,046.05. One such representation is inherently false, and Defendant's conflicting representations further give rise to a number of reasonable interpretations regarding the actual balance of the collection letter, at least some of which would be false, further demonstrating the deceptive and misleading nature of Defendant's conduct.

### b. Violations of the FDCPA § 1692f

44. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt."

45. Defendant violated § 1692f when it unfairly and unconscionably represented the time-sensitive nature of its settlement offers. Defendant unfairly suggested such offers were time-sensitive, when they were not in fact time-sensitive.

46. Defendant further violated § 1692f when it unfairly misrepresented the balance Plaintiff is said to owe in connection with the subject debt.

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

49. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

50. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

51. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

52. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and f of the

FDCPA. Defendant engaged in deceptive and noncompliant conduct in their attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

53. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, FRANCISCO P. BERNARDO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.


Dated: August 4, 2021                    Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com